Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0417 | **DATE** | January 28, 2011 |
| **CASE TITLE** | Cesar Becerra (439130) vs. Mauresse, et al. | | |

**DOCKET ENTRY TEXT**

The Court construes Plaintiff's letter [3] as a motion for leave to file *in forma pauperis*; the motion is denied without prejudice to reconsideration should he renew his motion in compliance with this order. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) and an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff, Cesar Becerra, a detainee at the Jerome Combs Detention Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff submitted a letter indicating that he seeks to proceed *in forma pauperis* but that he has been unable to obtain the required certification from a trust fund officer at his place of confinement because he has been moved several times and he has only been at the Jerome Combs Detention Center for two weeks. However, Plaintiff not only did not include any certification from a trust find officer, he failed to include any information regarding his ability to pay the filing fee or to access a partial filing fee. Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. As explained below, the Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. If Plaintiff wants to proceed on amended complaint (see below), he must file a motion for leave to file *in forma pauperis* on the court's form and have an authorized official(s) provide information regarding Plaintiff's trust fund account(s), including a copy of his trust fund account(s). If Plaintiff is only able to obtain certification from his present place of confinement, the Court can access his ability to pay a filing fee based on that certification and the information provided on the form. Plaintiff must also write the case number in the space provided for it.

     The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

    (A)    the average monthly deposits in the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1).

The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

     To enable the Court to make the necessary initial assessment of the filing fee, Plaintiff must submit a completed form and include a certified copy of the trust fund account statement (or institutional equivalent) for the

# STATEMENT

prisoner for the 6-month period immediately preceding the filing of the complaint (to the best of his ability and for the time-frame he has been at that institution).

Furthermore, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on November 6, 2010, he was placed in segregation after a lawsuit that he had filed in federal court had been dismissed. Superintendent Mauresse had Plaintiff moved contrary to a state-court order that Plaintiff was to be housed in protective custody. Plaintiff alleges that Mauresse was negligent by not housing him in protective custody and not telling individuals in his new division that he was to be housed alone. On November 17, 2010, some detainees threw urine on Plaintiff and his cellmate through the cell bars. After Plaintiff complained, the unit was placed on lockdown. The next day, Plaintiff was moved to the Jerome Combs Detention Center (Jerome) in Kankakee, Illinois. Upon arrival, Plaintiff informed staff that he was to be placed in protective custody. Plaintiff was ignored and he was informed that they did not receive any paperwork indicating he was to be in protective custody. On November 26, 2010, another inmate attacked Plaintiff while he was in his cell.

On December 3, 2010, Plaintiff was transferred back to Cook County Jail. Plaintiff was placed in a segregation unit because there was no room in protective custody. Plaintiff was harassed by guards at the direction of Mauresse. Shortly thereafter, Plaintiff was transferred back to Jerome.

Plaintiff must submit an amended complaint, as the document on file fails to state a claim against either named Defendant. First, Plaintiff names Cook County Jail Director Godinez as a Defendant. Plaintiff makes no allegations against Godinez in his complaint and he cannot be held liable under the doctrine of respondeat superior. A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Plaintiff also names Mauresse as a Defendant. However, Plaintiff has not stated a claim against Mauresse. Plaintiff's allegation that Mauresse was negligent in moving him does not state a Section 1983 claim. Mere negligence nor gross negligence are sufficient to give rise to liability under Section 1983. *See Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002). While Cook County Jail had a duty to protect Plaintiff from harm by others, Plaintiff was not harmed while at Cook County Jail. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). In addition, mere harassment does not rise to a constitutional violation. Accordingly, Plaintiff has not stated a claim against any Cook County Jail Defendant.

Plaintiff may have a claim against the individual(s) that allegedly ignored his need to be placed in protective custody at Jerome, but he has not named any such individuals as Defendants. In addition, Plaintiff indicates that he filed a grievance while at Cook County Jail but that he did not receive a response because of his transfer. If Plaintiff plans to amend to his complaint to name individuals at Jerome Center that allegedly failed to protect him, he must exhaust his administrative remedies at that institution **before** filing a lawsuit against those individuals based on conduct at that institution.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to file an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff must, on or before 30 days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed.